HENRY WEISBERG and Another, Copartners Doing Business under the Firm Name and Style of NOVEMBER & WEISBERG, Respondents, v. MILLER-FRANK COMPANY, INC., Appellant.

First Department, December 2, 1927.

Principal and agent — factors — commissions — plaintiffs entered into factoring agreement with defendant whereby plaintiffs bound themselves to pay minimum commission of $6,000 per year — third person had similar agreement with defendant with knowledge of plaintiffs — one of plaintiffs acted as selling agent of said third person — plaintiffs not entitled to credit for goods of third person sold through plaintiffs.

The plaintiffs entered into a factoring agreement with the defendant whereby the latter agreed to act as factor for the plaintiffs on a commission of four per cent of all net sales, and the plaintiffs guaranteed that the net sales would amount to at least $150,000 a year, and that the minimum commission would be at least $6,000 per year. Prior thereto a third person had made a similar factoring agreement with the defendant and the existence of this agreement was known to the plaintiffs. One of the plaintiffs who had acted as selling agent for said third person before the creation of plaintiffs' partnership continued to so act in his own name after the factoring agreement was entered into. The plaintiffs are not entitled to have credited on their agreement sales made through one of the partners acting as selling agent for said third person, and goods so sold can be credited only on the factoring agreement between said third person and the defendant.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of February, 1927.

*Sidney Newborg* of counsel [*Robert M. Gluck* with him on the brief; *Kurzman & Frank*, attorneys], for the appellant.

*J. W. Friedman* of counsel [*I. Gainsburg*, attorney], for the respondents.

McAVOY, J. Judgment was rendered for plaintiffs in this case in the sum of $6,912.37 upon a verdict directed by the learned trial court pursuant to stipulation.

The plaintiffs were consignors of certain goods and the defendant was plaintiffs' factor. It furnished money and various other facilities to various consignors for the carrying out of their business. It maintained offices for itself and also space for the consignors. These plaintiffs and defendant as consignor and factor had an agreement running from December, 1923, until the end of December, 1924. On September 1, 1923, another consignor named Bornstein had made a similar factor's agreement with the defendant. The two agreements are substantially similar in terms. Under each

agreement the factor agrees to advance to the consignors eighty per cent of the amount of sales which the consignors may make; to lend up to $15,000, fifty per cent of the market value of the goods which the consignor sends to the factor. It also agrees to guarantee accounts sold by the consignors; to supply storeroom selling facilities; to take charge of the credits and render credit service; to effect insurance; to take care of and pay the expenses of packing, shipping, etc., within the city of New York. Under paragraph 12 of each of the agreements, that with Bornstein and that with the plaintiff, it is provided that the factor, after such service, shall be entitled to charge and receive a commission of four per cent of all net sales, and the consignor guarantees that its net sales shall amount to at at least $150,000 a year, and the minimum commission to which the factors shall be entitled shall be a sum equivalent to four per cent of the guaranteed amount, that is, $6,000 during each year.

Under each agreement also the consignor appoints the defendant sole and exclusive factor, agreeing to sell and consign to it only, and to sell and deliver through it only all the goods which the consignor owns or which it may thereafter purchase, manufacture, acquire or trade in, or the sale of which it may control during the period of this agreement.

Prior to the formation of the present plaintiffs' partnership, one of the plaintiffs' former firm was acting as selling agent for Bornstein, and in the new firm this partner continued acting in his own name as selling agent for Bornstein. Plaintiffs also knew that the defendant was factoring for Bornstein before their agreement was executed. The consignors sold merchandise of their own amounting to $28,279 and merchandise belonging to other persons, exclusive of Bornstein, amounting to $10,992, and they sold Bornstein merchandise in an amount of $118,150.

In December, 1923, and in January, 1924, the consignors were charged with the factoring commission of four per cent on the sales made by them; and in February, 1924, they were charged with the sum of $885.09, which was the difference between the commission guaranty of $500 a month and the total commissions to that date figured at four per cent on merchandise sold by the consignors. Subsequently commissions were charged against the consignors on goods actually sold by them, and an additional charge was made against the consignors by the factor, representing the difference between $500 a month and the commission on actual sales.

The consignors continued selling merchandise up to and including the month of August, 1924. During that month they were charged with factoring commissions on sales amounting to $75.75 and a deficit in the guaranty of $424.25, which made the contract charge

of $500. Thereafter during the rest of the term in 1924 the consignors sold no merchandise and were charged with the full commission guaranty of $500 each month.

At the end of the contract period in December, 1924, there was a credit due the consignors from the factor of $335.93 and a further credit arose of $439.69, which, with interest, amounted to a total of $867.61. This sum admittedly was due the plaintiffs. What plaintiffs have recovered is the sum for factoring Bornstein's goods which were sold through the plaintiffs, upon which credit was already given to Bornstein under his agreement to pay $6,000 annually for the factoring facilities. The factor asserts that plaintiffs' agreement was to produce sales to a minimum of $150,000, and that the sale of Bornstein's goods amounting to $118,000, made by the consignors as Bornstein's selling agents, should not be credited to the consignors. It is argued that Bornstein being already bound to the factor through defendant's sales of such merchandise, even though made by the plaintiffs as his selling agents, such sales should not be credited under the plaintiffs' agreement. The factor thus would be entitled to hold plaintiffs for the difference between the guaranteed commission and commissions on sales made by the consignors, properly chargeable to their agreement. The consignors claim that the Bornstein sales of goods ought to be credited on their agreement. They wish so much of the Bornstein commissions as arose through sales made by them for Bornstein applied to their guaranty of $6,000.

We do not think the construction of the agreement contended for by plaintiff is the correct one, since neither the Weisberg nor the Bornstein agreement makes any reference to the arrangement between the consignors and Bornstein as to the plaintiffs being the selling agents entitled to credit thereunder. Each of these agreements provided for a minimum guaranty of $6,000 per year. Defendant was entitled to have a sufficient amount of goods factoring through it by both concerns to realize $12,000 or to be paid $12,000 for the service. This obligation could not be satisfied by selling a sufficient amount of Bornstein goods to realize $6,000 in commissions through plaintiffs and using defendant as the factor and crediting each of the consignors Bornstein and Weisberg with commissions of four per cent on each sale of goods. If there were sufficient goods sold of Bornstein through plaintiffs to realize only $6,000 commissions, one consignor would be absolutely acquitted without having furnished any business under his contract. It was intended, apparently, that the defendant was to have $12,000 out of these two agreements. Under such a construction as contended for and found by the learned trial court below, defendant

would have, in the extreme instance of plaintiffs' selling no goods of their own but solely those of Bornstein, only $6,000 under this method of double deduction. We find no such intention from the writings.

The judgment should, therefore, be reduced to $867.61 concededly owed, and as thus reduced affirmed, with costs to appellant.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment modified by reducing said judgment to the sum of $867.61, and as so modified affirmed, with costs to the appellant.